## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                        No. CR 99-1256 JB

DAGOBERTO TORRES,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Objections to Presentence Report, filed May 3, 2000 (Doc. 19); and (ii) the Supplement to Objections to Pre-Sentence Report and Request for Downward Departure, filed February 3, 2006 (Doc. 57). The Court held a sentencing hearing on February 6, 2006. The primary issue is whether the Court should deviate from the United States Sentencing Guidelines and sentence the Defendant, Dagoberto Torres, to time served, or twenty-nine months and six days. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant the request insofar as it seeks a deviation from the Guidelines, and will sentence Torres to twenty-nine months and six days or time served, whichever is less, upon the condition that Torres turn himself in on Monday, February 13, 2006 to the Las Cruces Border Patrol Office as part of his supervised release and that his bond will not be released until he turns himself in.

### PROCEDURAL BACKGROUND

Torres was indicted in 1999. <u>See</u> Indictment, filed November 3, 1999 (Doc. 12). He was arrested on August 31, 1999. He secured a bond and was released from custody on March 5, 2002

by an Order signed by the Honorable Martha A. Vasquez, United States District Judge for the District of New Mexico, now Chief Judge Vasquez.  See Order Granting Motion to Set Conditions of Release at 1, filed February 21, 2002 (Doc. 41); Order Setting Conditions of Release, filed February 26, 2006 (Doc. 42); Transcript of Hearing at 13:22-14:7 (taken February 6, 2006)[1].  Since that date, he has not violated any law, and has done all that was required of him.  See Transcript of Hearing at 13:22-14:7.  The Defendant has also stayed employed and has financially provided for himself, his family, and his household.  See Supplement to Objections to Pre-Sentence Report and Request for Downward Departure ("Supplement to Objections") ¶ 3, at 2-3; Transcript of Hearing at 13:22-14:7. He has conducted himself as a responsible member of the community.

The case was reassigned from Chief Judge Vasquez to the Honorable James O. Browning, United States District Judge for the District of New Mexico, on January 3, 2005.  See Minute Order, filed January 3, 2005 (Doc. 52).

Torres is facing a United States Sentencing Guideline level sentence of a minimum of seventy months.  See Presentence Report at 9.  Based upon the time he served before securing release on bond, he will, as of February 6, 2006, have served twenty-nine months and six days.  Torres requests that the Court take into consideration the facts and arguments that he made in the Objections to Pre-Sentence Report and Request for Downward Departure, filed on May 3, 2000.  See Supplement to Objections ¶ 4, at 3.  Torres contends that the Court should incorporate those facts and arguments, in addition to those statements he makes in the present document, for purposes of his supplemental pleading.  See id.  Specifically, Torres is requesting that the Court impose a sentence of time served

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

– twenty-nine months and six days – as a reasonable sentence.   See id. ¶ 5, at 3.

At the hearing, Torres withdrew all of his objections to the presentence report, insofar as he sought a downward departure, but he indicated that he is still requesting a deviation from the Guidelines.   See Transcript of Hearing at 8:22-9:11.   Additionally, because of the unique circumstances of this case, the United States indicated, at the hearing, that it did not object to the requested deviation, on the condition that the Court require Torres to report himself to the Las Cruces Border Patrol Office on Monday, February 13, 2006, as part of his conditions of supervised release, and that the Court not release his bond until he reports to the Border Patrol Office.   See Transcript of Hearing at 15:6-16:7, 16:23-17:11.  Torres indicated that was an acceptable condition. See id. at 17:12-13.

## UNITED STATES V. BOOKER

Since the time that counsel filed his Objections to Pre-Sentence Report and Request for Downward Departure, in 2000, the law of the land has changed.  The United States Sentencing Guidelines are no longer mandatory.  The Court is able to deviate from the prescribed guideline sentence by applying the discretion that the Court has under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), which permits the Court to enter a just and reasonable sentence based upon, among other factors, the offender's background and criminal history.  125 S. Ct. at 764-65.  Under 18 U.S.C. § 3553(a), the Court is to consider a number of factors in determining the particular sentence it should impose:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) The need for the sentence imposed –

-3-

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) To afford adequate deterrence to criminal conduct;

(C) To protect the public from further crimes of the defendant; and

(D) To provide the defendant with needed educational or vocational training or medical care, or other correctional treatment in the most effective matter;

(3) The kinds of sentencings available;

(4) The kinds of sentencing and sentencing range established for –

(A) The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

* * * *

(5) The need to avoid unwarranted sentenced disparities among defendants with similar records who have been found guilty of similar conduct.

Booker effectively made the Guidelines advisory. See United States v. Rosales-Valdez, 375 F. Supp. 2d 1165, 1169, 1172 (D.N.M. 2005)(deviating from 57 months to 24 months where the defendant's conviction occurred 12 years previously and enhanced the offense level by 16 even though the conviction was not included in the criminal history computation, and most of the defendant's criminal history was based on illegally re-entering the country).  Courts now look at both the factors listed in 3553(a) and the now advisory Guidelines in determining a sentence.  See United States v. Booker, 125 S. Ct. at 757.

## ANALYSIS

Torres asks the Court to keep in mind that it has been six and one-half years since he was arrested for this offense.  See Supplement to Objections ¶ 3, at 2-3.  It has been almost four years since he was released from custody on conditions.  See id.  During that time, he has not violated the

-4-

law.

Torres asks that, in view of the Guideline sentencing goals and those factors embodied in 18 U.S.C. § 3553(a), which instruct the Court to consider the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, and the other goals of 18 U.S.C. § 3553(a), Torres requests that the Court not impose the sentence that the Guidelines provide, but instead impose a reasonable sentence. See Supplement to Objections ¶ 4, at 3. Torres believes that imposition of a reasonable sentence outside what the Guidelines recommend can satisfy the Court's need to consider the Guideline goals for punishment and the factors that 18 U.S.C. § 3553(a) provides. See id.

Torres contends that the Court's decision in United States v. Rosales-Valdez, 375 F. Supp. 2d 1165 (D.N.M. 2005), can guide the Court's decision in this case. See Supplement to Objections ¶ 5, at 3. Torres contends that the facts in Rosales-Valdez are very similar to those in this case, and requests that the Court consider it in determining a reasonable sentence. See id.

For the reasons stated at the sentencing hearing, the Court will sustain the Objections to the Presentence Report and Supplement to Objections insofar as they seek a deviation from the Guidelines, and the Court will sentence the Defendant to twenty-nine months and six days or time served. The Court believes that, because of the unusual circumstances of this case, the punishment which is set forth in the Guidelines is not appropriate for this offense. Mr. Torres was indicted and arrested in 1999, but he secured a bond and was released on custody in March of 2002. Since his release, Torres has not violated any law, he has stayed employed, and has financially provided for himself, his family and his household. He has done everything required of him. As far as the Court can tell, he has conducted himself as a responsible member of the community for almost four years.

Torres has already served a lengthy time: twenty-nine months and six days.  And, while that is far short of seventy months, it does not appear that the guideline sentence is appropriate in his situation, given that he has shown a change in his life, has worked diligently not to violate laws, and complied with the conditions of Pretrial Services during that lengthy period of time.  The Court believes that a sentence of time served is a reasonable sentence.  While the Court does not like that someone with Torres' criminal history is walking the streets of the United States, he has performed well over the last four years.  No one suggests that he is either a flight risk or a danger to the community, and by clear and convincing evidence, the Court finds that he is neither a flight risk nor a danger to the community.

**IT IS ORDERED** that the Defendant Dagoberto Torres' Supplement to Objections to Pre-Sentence Report and Request for Downward Departure, and Torres' Objections to PreSentence Report are sustained insofar as they seek a deviation from the Guidelines.  Torres shall turn himself in to the Las Cruces Border Patrol Office on Monday, February 13, 2006, and his bond shall not be released until he turns himself in to the Border Patrol Office.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney for the
     District of New Mexico
Albuquerque, New Mexico

-- and --

Renee Camacho
   Assistant United States Attorneys for the
     District of New Mexico
Las Cruces, New Mexico

      *Attorneys for the Plaintiff*

Jose R. Coronado
Law Offices of Jose R. Coronado
Las Cruces, New Mexico

      *Attorneys for the Defendant*